IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOEL VALENZUELA,

              Plaintiff,

    v.

KATE BROWN, ELLEN F. ROSENBLUM,
TRAVIS HAMPTON, DALENE REED,
AND TRAVIS J. PETERSON,

              Defendants.

**Civ. No**. **6:20-cv-00818-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Plaintiff Joel Valenzuela, proceeding *pro se*, brings this action against Oregon State

Trooper Travis Peterson, Oregon Department of Administrative Services (ODAS) employee

Dalene Reed, Oregon State Police Superintendent Travis Hampton, Attorney General Ellen

Rosenblum, and Governor Kate Brown, alleging state tort law claims of false arrest, conspiracy,

and vicarious liability. Pl.'s Compl. ¶¶ 12, 18–31, 33–34, 36–37, 40–41, 44–45, ECF No. 1;

Defs.' Mot. 2, ECF No. 4. These claims stem from a traffic stop conducted by Defendant

Peterson, which Plaintiff alleges was the result of racial profiling. Pl.'s Compl. ¶¶ 47–49.

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that they

are entitled to sovereign immunity under the Eleventh Amendment.[1] Defs.' Mot. 2. Because the

Eleventh Amendment bars claims against state officials acting in their official capacities,

Defendants/ Motion to Dismiss (ECF No. 4) is GRANTED.

## BACKGROUND

---

[1] Plaintiff failed to respond and the time to do so has passed.

On May 30, 2018, Defendant Peterson pulled over a vehicle being driven by Plaintiff for purportedly failing to drive within a lane. Pl.'s Compl. ¶ 19. Plaintiff alleges that "the officer's Official Video recording shows that no such violation occurred," and the traffic stop was the result of racial profiling. *Id.* ¶¶ 19–20, 49. It is certainly clear that Defendant Peterson's interest in pulling over the vehicle and detaining Plaintiff for a lengthy period of time was not in issuing a traffic citation. Under the pretext of the traffic stop, Defendant Peterson walked a drug-detecting dog around the car and the dog alerted. *Id.* ¶ 21. Defendant Peterson conducted a search of Plaintiff's vehicle, removing some of the vehicle's door and dashboard paneling. Pl.'s Compl. ¶ 21; Defs.' Mot. 2–3. No drugs were found, and the search resulted in $120 worth of repairs to Plaintiff's vehicle. Pl.'s Compl. ¶ 21; Pl.'s Compl. Ex. 1. The traffic stop lasted approximately an hour and a half. Pl.'s Compl. ¶ 48.  By any standard, it was unreasonable in both time and scope. It would not be unreasonable under the circumstances for Plaintiff to believe the pretext stop was racially motivated. Plaintiff subsequently filed a tort claim with the ODAS, which was denied. Pl.'s Compl. Ex. 1; Pl.'s Compl. Ex. 5.

In the Complaint (ECF No. 1), Plaintiff's first cause of action alleges that the traffic stop conducted by Defendant Peterson constitutes false arrest. Pl.'s Compl. ¶¶ 18–31. In the second cause of action, Plaintiff alleges that Defendant Reed, an ODAS employee, perpetrated conspiracy by denying Plaintiff's initial ODAS claim. *Id.* ¶¶ 33–34. Finally, in his third, fourth, and fifth causes of action, Plaintiff alleges that Defendants Oregon State Police Superintendent Hampton, Attorney General Rosenblum, and Governor Brown are vicariously liable for Defendant Peterson's actions during the traffic stop because they are Defendant Peterson's employers. *Id.* ¶¶ 36–37, 40–41, 44–45. Plaintiff requests declaratory, injunctive, compensatory, and punitive remedies. *Id.* ¶¶ 52–54.

## STANDARDS OF REVIEW

### I. Subject Matter Jurisdiction

District courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). It is presumed that a district court lacks jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). A defendant may move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the allegations in the complaint are insufficient to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Additionally, when a factual dispute exists, the defendant may introduce evidence outside the pleadings in support of a 12(b)(1) motion to dismiss. *Id.* . When the defendant introduces extrinsic evidence in support of its motion, the burden shifts to the plaintiff to show that federal subject matter jurisdiction is met. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

### II. Failure to State a Claim

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not

bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at

555. If the complaint is dismissed, leave to amend should be granted unless the court

"determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v.*

*United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendants now move to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing

that Eleventh Amendment sovereign immunity applies and bars Plaintiff's claims. Defs.' Mot. 2.

"The Eleventh Amendment provides the states with 'sovereign immunity,' allowing a state the

privilege not to be sued, whether by its own citizens or those of another state, without its

consent." *Boquist v. Or. State Senate*, 432 F. Supp. 3d 1221, 1227 (D. Or. 2020) (citing U.S.

Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011)). In

other words, absent congressional abrogation or unequivocal waiver of sovereign immunity by a

state, the Eleventh Amendment bars claims filed against a state in federal court. *Pennhurst State*

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *Baldwin v. Doe*, No. Civ. 3:16-cv-00109-

PK, 2016 WL 8231140, at *3 (D. Or. Oct. 31, 2016).

Sovereign immunity applies to state officials acting in their official capacities. *Will v.*

*Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her

official capacity is not a suit against the official but rather is a suit against the official's office.

As such, it is no different from a suit against the State itself."); *Pennhurst State Sch. & Hosp.*,

465 U.S. at 101 ("The Eleventh Amendment bars a suit against state officials when 'the state is

the real, substantial party in interest.'") (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*,

323 U.S. 459, 464 (1945)); *Committee v. Or. State Univ.*, No. Civ. 6:16-cv-00962-MC, 2016 WL

4374945, at *2 (D. Or. Aug. 11, 2016). While the Eleventh Amendment entertains claims against

state officials that seek declaratory or injunctive relief under federal law, this exception does not apply to state law claims. *Ex parte Young*, 209 U.S. 123, 155–56 (1908); *Doe v. Regents of Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018).

Here, Plaintiff brings state tort law claims against five state officials and is seeking declaratory, injunctive, and monetary relief. Pl.'s Compl. ¶¶ 52–54. Defendants argue that the Eleventh Amendment applies and bars Plaintiff's claims. Defs.' Mot. 2. This Court agrees.

Defendants are Oregon state officials acting in their official capacities, and Plaintiff has named them as such in the Complaint (ECF No. 1). Claims against Defendants, therefore, are no different from claims against the State of Oregon. The State has not unequivocally waived its sovereign immunity. As a result, because the State is the real party of interest here, the Eleventh Amendment applies, and Defendants are immune to Plaintiff's state law claims in federal court. Further, because Plaintiff's claims are based on state law, the exception to the Eleventh Amendment bar for claims seeking declaratory or injunctive relief under federal law does not apply. The Eleventh Amendment bars Plaintiff's claims despite the unreasonable nature of the extended traffic stop.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

## CONCLUSION

5– OPINION AND ORDER

Because Defendants are state officials acting in their official capacities, Eleventh

Amendment sovereign immunity applies, barring Plaintiff's claims. Defendants' Motion to

Dismiss (ECF No. 4) is granted, and the case is dismissed.

IT IS SO ORDERED.

DATED this 10th day of November, 2020.


_____/s Michael McShane_____
**Michael J. McShane**
**United States District Judge**

6– OPINION AND ORDER